## SMITH VS. PRETTY (TOWLE'S MOTION).

EJECTMENT: *Whom the judgment binds—Remedy of person improperly ejected under writ of possession.*

1. Judgment in ejectment binds only the defendant and those claiming under him or in privity with him.
2. The writ of possession should not be executed against one who entered into possession during the pendency of the suit, claiming under an adverse, paramount title.
3. If so executed, the remedy is by writ of restitution, and not by motion to set aside the judgment and be allowed to defend.

APPEAL from the Circuit Court for *Winnebago* County. *Smith* brought ejectment for a lot in Menasha. The summons and complaint were served October 20, 1866, on *Pretty,*

who was then in possession, and judgment was entered (by default) June 18, 1867. *Towle* made application, June 27th, to be admitted as a defendant to the action, and that the judgment be opened, and he be allowed to file an answer; showing by his affidavit, that on the 17th of September, 1866, he acquired title to the lot in question by purchase from C. & W. Matthews; that *Pretty*, at that time was in possession of the lot as the tenant of the Matthews, under a lease which expired about two weeks afterwards; that at the expiration of the lease, or shortly afterwards, he, *Towle*, went into possession, and continued therein until turned out on the 24th of June, 1867, by an execution issued on the judgment in ejectment; and that he did not know that any action of ejectment had been brought until the sheriff came to turn him out of possession. Affidavits on the other side stated that *Pretty* was in possession at the time the summons and complaint were served, and that *Towle* knew, when he purchased the property, that the title was in dispute. The court made an order admitting *Towle* as a defendant, vacated the judgment, and gave leave to answer on payment of all costs. Plaintiff appealed from the order.

*C. Coolbaugh*, for appellant.

*Elbridge Smith*, for respondent:

*Towle* went into possession under his deed from the Matthews, about the 1st of October, and was in possession when the suit was commenced against *Pretty*. He became by that purchase, *Pretty's* landlord. The order allowing him to come in and defend was proper, even granting that suit was properly brought against the tenant while in possession, and that he suffered default. R. S. Wis., ch. 146, sec. 14; R. S. N. Y., Tit. 7, Part 3, ch. 5, sec. 19; Adams on Eject., 288; 1 Cow., 134; 6 id., 589; 1 Wend., 316; 4 Johns., 493; 17 id., 112; 19 Cal., 632.

Smith vs. Pretty (Towle's Motion).

PAINE, J.   If *Towle* were affected by the judgment in this action, the order setting it aside and allowing him to come in and defend, would be proper enough.   But he is not affected by it.   He purchased the interest of Matthews, under whom *Pretty* held as tenant.   And assuming that *Pretty* was in possession when the papers in this action were served on him, and that he abandoned the possession a short time before his lease expired, to *Towle*, still, after his lease expired, *Towle* was in possession, not under *Pretty*, but by virtue of his ownership of the reversion.   The judgment subsequently rendered against *Pretty* by default, had no effect, therefore, as against *Towle*, and he ought not to have been put out of possession under it.   The judgment is good only against the defendant and those claiming under him, or in privity with him.   And where another person is in possession claiming under a paramount title, it cannot be executed as against him.   This has frequently been held not only in respect to the writ of possession issued to enforce decrees in chancery, but also as to executions in ejectment. *Gelpke v. R. R. Co.*, 11 Wis., 462, and cases cited; *Clark v. Parkinson et al.*, 10 Allen, 133; *Johnson v. Fullerton*, 44 Pa. St., 446.

In *Clark v. Parkinson* the party sought to be ejected was in possession at the time the suit was commenced.   But it is immaterial whether that is so, or whether he comes into possession afterwards, provided he does not come in under the party to the suit, but by virtue of an adverse and paramount title.   The grounds upon which the rule rests are the same in either case.

*Towle*, therefore, had no interest in this judgment, but his remedy, as the cases cited show, was to apply to the court for a writ of restitution.

*By the Court.*—The order appealed from is reversed, with costs.