## Towle vs. Smith.

*Writ of restitution.—Discretion of court.*

It is within the discretion of a court to refuse a writ of restitution to defendant, on reversing a judgment of a justice's court against him in forcible entry and detainer, under which judgment plaintiff obtained possession, if it appears that plaintiff was entitled to the possession (although not entitled to recover it by that particular action), and that he had previously been wrongfully dispossessed by defendant.

APPEAL from the Circuit Court for *Winnebago* County.

*C. Coolbaugh & Son* (with *Wm. F. & H. Vilas*, of counsel,) for appellant:

Some old English decisions hold, in relation to the ancient practice in cases of this kind, which was entirely criminal in its nature, that it was *discretionary* in the court to order a re-restitution on quashing the proceedings; almost invariably, however, exercising the right. Bacon's Ab. "Forcible Entry and Detainer," G.; *Fitz-Williams' Case,* Cro. Eliz. 915. Others held the defendant to have an absolute right to re-restitution. *Rex v. Jones,* 1 Strange, 474. The latter doctrine has practically prevailed in this country, although it has been spoken of in some instances as perhaps an exercise of discretion. *People v. Shaw,* 1 Caines' R. 125; *People v. King,* 2 id. 98; *Comm. v. Bigelow,* 3 Pick. 31; *In the matter of Shotwell,* 10 Johns. 304. This court has recognized a similar doctrine in *Wakeley v. Delaplaine,* 15 Wis. 554; *Vroman v. Dewey,* 23 id. 626. And see *Estus v. Baldwin,* 9 How. Pr. R. 80; *Britton v. Phillips,* 24 id. 111. If it be said that *Towle* should not be ejected because he has some right not bound by the judgment in ejectment under which *Smith* originally obtained possession, we answer: 1. That is a matter which must be considered to be determined by the judgment, and can only be raised anew on appeal. 2. He may yet be shown to have been bound by that judgment when the necessity for showing that fact arises; it was not in issue here. 3. The judgment in ejectment must be supposed to have established *Smith's* right to the property and its possession against the right of *Towle,* since a plaintiff in ejectment recovers only on a title good against all the world. 4. Granting that *Towle* might make out a right to the possession in ejectment, his adversary had the right to try that question *as a defendant in possession,* and cannot be put into the post-

ure of a plaintiff by a writ to which the respondent was not entitled. The respondent should have taken nothing by an action which he had no right to maintain.

*Elbridge Smith*, for respondent.

Dixon, C. J. This is an appeal from an order of the county court of Winnebago county, in an action of forcible entry and detainer, refusing an application of the defendant for a writ of restitution to restore him to the possession of the premises in controversy, from which he had been removed by process issued from the justice's court in which the action was commenced, and before it was taken by appeal to the county court, where the judgment of the justice was reversed. The facts of the case are these: On the 20th of September, 1866, the premises, a house and lot in the village of Menasha, were in the possession of one Oliver Pretty, who occupied the same as a tenant; and on that day the defendant in this action, *Smith*, claiming to be the owner of the property, commenced an action of ejectment in the circuit court of Winnebago county against Pretty to recover the possession thereof. The summons was served upon Pretty on the same day. Three days before, on the 17th of September, 1866, the plaintiff in this action, *Towle*, acquired title to the premises by purchase from Pretty's lessors; and Pretty's term soon expiring, he left the premises, and *Towle*, on the 1st of October following, entered into possession claiming under title adverse and paramount to that of *Smith*. The possession thus obtained by *Towle* continued undisturbed until the 24th of June, 1867, when he was turned out by the deputy sheriff upon an execution issued on a judgment in the ejectment suit against Pretty, and the defendant in this action, *Smith*, was put in. *Smith* had obtained judgment by default against Pretty on the 18th of June, 1867. *Towle* was not a party to the

action, nor in any way affected by that judgment; and his dispossession and removal by the deputy sheriff was wholly unauthorized and irregular, as has been decided by this court. *Smith v. Pretty (Towle's motion)*, 22 Wis. 655.

After his dispossession and removal, and the failure of his motion in the ejectment suit, *Towle* commenced this action before a justice of the peace. He recovered judgment against *Smith* before the justice, and, upon process of restitution issued by the justice, *Smith* was removed and he himself put back in possession. *Smith* then appealed to the county court, where the judgment of the justice was reversed, the court holding that the action of forcible entry and detainer would not lie where the possession had been obtained, as was shown, by process in the hands of a public officer. After the judgment of reversal came the application from which this appeal originated.

Our opinion is, that the application was properly denied; and our reason for this opinion, because *Smith* wrongfully dispossessed *Towle* and obtained entry and possession himself in the first place. He did this by an abuse of legal process, and no matter if he has been turned out and *Towle* become repossessed under a judgment which was erroneous and has since been reversed. It is in the discretion of the court to grant or not to grant restitution in such case, according to circumstances. Two wrongs have made a right in this instance; and what is right as it is the law will let alone, and not interfere so as to put a party to a fresh action to obtain it.

*By the Court.*—Order affirmed.