VILLAGE OF PEWAUKEE, Appellant, vs. WISCONSIN LAKES ICE
& CARTAGE COMPANY, Respondent.

*March 21 — April 9, 1901.*

*Injunction: Landlord and tenant: Privity: Parties.*

1. The owner of the paper title to premises claimed to be part of the
   bed of a navigable lake leased the premises for a term of years,
   and his lessee began the erection of buildings thereon. *Held*, that
   an injunction would not lie against the landlord to prevent such
   erections or to compel their removal.
2. In such case, the tenant, claiming under a conveyance made prior to
   the commencement of the action, is not in privity with the land-
   lord and could in no degree be concluded by judgment against
   him.
[3. Whether in such case the landlord might not be a proper party to
   an action for an injunction against the tenant, predicated upon
   absence of any title in either of them to the land in question, not
   determined.]

APPEAL from a judgment of the county court of Wauke-
sha county: M. S. GRISWOLD, Judge. *Affirmed.*

This was an action to enjoin the erection of hotel build-
ings, docks, etc., on the margin of Pewaukee Lake, and
west of Main street, in the village of *Pewaukee*, at a point
a few hundred feet north of the *locus* involved in the case
of *Pewaukee v. Savoy*, 103 Wis. 271, and to compel removal
of work already done. It appeared that Main street sub-
stantially followed the course of a milldam constructed
about 1838, by which the natural elevation of the waters of
Pewaukee Lake had been increased to a considerable extent,
so that portions of the shore, in their natural state dry land,
had for many years been submerged. There was contro-
versy whether at the point in question a narrow strip of
land about ninety feet long on the west side of Main street,
paper title to which was in the defendant, had remained
unsubmerged for twenty years. Upon this subject much
conflicting evidence was given.

It was, however, made to appear without substantial controversy that the defendant, having paper title, had some time shortly prior to the commencement of this suit executed a formal and complete lease for fifteen years of the ninety-foot strip of land west of Main street to one Leidel, and that the acts complained of were preparatory operations by him for the erection of a hotel building thereon, and piers to connect the same with the navigable waters of Pewaukee Lake; that the defendant had no participation in or connection with said acts, except that it knew in leasing that Leidel contemplated such improvements. The trial court entered judgment dismissing the complaint on the merits, from which the plaintiff appeals.

For the appellant there was a brief by *Ryan & Merton*, and oral argument by *T. E. Ryan*.

For the respondent there was a brief by *Timlin, Glicksman & Conway*, and oral argument by *Nathan Glicksman*.

Dodge, J.   One fact found by the trial court and fully established by the evidence is conclusive against the propriety of an injunction, such as prayed in the complaint, against this defendant. That fact is that the defendant has not done and is not threatening to do any acts whatever upon the strip of land in question. At the time of the commencement of this action one Leidel had acquired all defendant's rights for a term of fifteen years by a lease. During that term defendant had no power either to direct or to control Leidel in his occupation or enjoyment of the premises. What purpose, then, could be served by enjoining the defendant from placing obstructions which it neither intended nor desired to place? Courts of equity do not fulminate injunctions needlessly, but only to prevent imminent and irreparable injury. 1 High, Injunctions, §§ 22, 23. The further prayer in the complaint for mandatory injunction commanding defendant to remove obstructions placed by Leidel is

even more beyond the power of the court in this action. Defendant could no more enter upon the leased premises or upon the lake and tear down Leidel's work than could any stranger. Leidel, claiming as he does under a conveyance prior to the comencement of this action, is not in privity with the defendant, and could in no degree be concluded by judgment herein. 1 Freeman, Judgments, § 186; *Stridde v. Saroni,* 21 Wis. 173; 21 Am. & Eng. Ency. of Law (1st ed.), 139, 141. We are not prepared to say that this defendant might not be a proper party to an action for injunction against Leidel predicated upon absence of any title in either of them to the land sought to be conveyed by the lease, but only so far as it is interested in the latter question. In the absence of the real party in interest, Leidel, whom judgment in this action will not bind, we should not be justified in deciding the important questions raised and argued. We deem it proper, however, to call attention to the incompleteness and insufficiency of the evidence to render certain the facts to which rules of law must be applied in concluding upon the rights of the real contestants. Plaintiff insists that the true boundary of Pewaukee Lake is the ordinary high-water line which has been customarily reached for the prescriptive period of twenty years, and that such line is in contact with Main street. Defendant denies this rule of law, and contends for the ordinary low-water mark as the limit of legal submerger, but also insists that neither of said lines has been maintained long enough or persistently enough in contact with the street to reduce to public ownership a somewhat indefinite strip of original land west of the west line of the street. The location of these respective lines is left quite uncertain, but especially the persistency or frequency with which either has been maintained, as also the length of time. There is hardly any evidence on this subject going back of 1885, and since then the periods during which the waters have reached or rested at any given point

are left indefinite, whether monthly, yearly, or only at longer intervals. Further, certain instances of either high or low water are clouded with uncertainty as to whether they were due to ordinary or to exceptional conditions and circumstances. In a case of this significance, where are at stake the private ownership of valuable riparian lands on the one side, and on the other important public rights of control over the connection between land and water highways, the exact facts should be made to appear clearly and definitely before the court is asked to apply the law and finally adjudge those rights.

The record before us is somewhat indefinite as to the grounds on which the trial court decided in favor of the defendant. The ground first above stated clearly appears in the findings, and is supported by the proofs. We construe the judgment as resting on that alone, and base affirmance on that construction.

*By the Court.*— Judgment affirmed.