CYPREANSON, Respondent, vs. BERGE, Intervener, Appellant.

*November 8 — November 29, 1901.*

*Ejectment: Judgment, upon whom binding: Restraining execution.*

Prior to the commencement of an action of ejectment the land had been conveyed to persons not parties to the action and they were in the actual occupancy of the land, though the conveyance was not recorded until after the notice of *lis pendens* was filed. Thereafter they contracted to sell the land to one B., not a party to the action, and he went into actual possession and so continued until judgment in the ejectment suit, which was rendered prior to the

enactment of ch. 152, Laws of 1901. *Held,* that such judgment was not binding upon B.'s grantors nor upon B. himself, and that upon his application in the action its enforcement, as against him, by writ of possession should be restrained.

APPEAL from an order of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Reversed.*

*L. A. Doolittle,* for the appellant.

*W. F. Bailey,* for the respondent.

CASSODAY, C. J.    It appears from the record that in 1894 the land in question was owned by the defendants Abbie A. and Archie McVicar; that in the summer and autumn of that year the plaintiff obtained three tax deeds thereon, each of which was thereupon recorded; that January 24, 1895, the McVicars conveyed the land to the defendant Doolittle, who claims to have taken the title thereof in trust for two of his clients, Washington Churchill and Eliza N. De Lance; that Nov. 4, 1895, Doolittle and wife conveyed the land by quitclaim deed to Churchill and De Lance, and that deed was recorded October 29, 1897; that April 20, 1897, this action of ejectment was commenced against the McVicars and Doolittle, and notice of *lis pendens* filed; that upon the complaint being amended a new notice of *lis pendens* was filed May 18, 1897.    The McVicars answered, disclaiming all right, title, or claim to any part of the premises, and alleged that they had absolutely disposed of the same long prior to the commencement of the action.    The defendant Doolittle answered, and disclaimed all right, title, interest, or claim to any part of the premises.

On January 29, 1898, *Gunder Berge* — not a party to the suit — entered into a written contract with Washington Churchill for the purchase of the land in question, and the same was executed and acknowledged in the presence of and before the defendant Doolittle.    June 28, 1900, the plaintiff, having waived all claim for damages and costs, took

judgment in the action against the McVicars and Doolittle. August 3, 1900, a writ of restitution in favor of the plaintiff and against the defendants was issued on such judgment to the sheriff, commanding him to deliver the possession of the premises to the plaintiff, and to make return thereof. October 9, 1900, the appellant, *Gunder Berge*, made affidavit to the effect that he had been for more than thirty-one months then last past in the open, visible, and notorious possession and occupancy of a portion of the premises described, under said contract from Churchill, upon which he had paid $600, besides interest; that from January 24, 1895, to the execution of the contract, January 29, 1898, Churchill had been in such open, visible, and notorious possession by himself or one A. J. Sutherland, claiming under him; that the sheriff, under and by virtue of said writ, was threatening to take forcible possession of the premises, and to eject the appellant and his family therefrom; and that, unless restrained by the court, he and his family would be forcibly ejected from said premises. Upon such evidence the plaintiff was ordered to show cause why all proceedings on the judgment and execution should not be perpetually stayed as against *Berge* and those claiming under him. Upon the hearing of that motion the same was by order of the court denied, with $10 costs of motion, to be paid by *Berge*. From that order *Gunder Berge* brings this appeal.

The facts stated are not disputed. The only claim is that at the time of the commencement of the action the plaintiff had no knowledge or information that Doolittle had conveyed the lands to Churchill or any other person, but supposed he still held whatever title or interest had been conveyed to him by the McVicars, and that he had no knowledge or information that Churchill or De Lance had or claimed any interest in the premises. The motion seems to have been decided on the theory that the appellant ought to be put to his separate action, and that the court ought not to

determine the rights of the parties on such motion. If
there was any serious controversy as to the facts, the neces-
sity of such independent action might be urged with more
plausibility. But there is no such controversy. Churchill
had been in the open, visible, and notorious possession for
nearly a year and a half prior to the commencement of the
action, and for nine months afterwards, and the appellant,
so claiming under him, had been in such possession for two
years and a half prior to the issuance of the writ; and yet
neither of them was a party to the action. The question
recurs whether the appellant shall be forcibly ejected from
the premises in a suit to which neither he nor Churchill nor
De Lance was a party. The deed from Doolittle to Churchill
and De Lance had been executed and delivered nearly a
year and a half before the commencement of the action,
but it was not recorded until more than six months after
the action had been commenced. Under a recent decision
of this court, we must, upon the facts stated, hold that
neither Churchill nor De Lance was bound by the judg-
ment; and the same is true as to the appellant, claiming
under Churchill by contract executed subsequent to the
commencement of the action. *Webster v. Pierce*, 108 Wis.
408. In that case it was held that sec. 3088 of the statutes,
as it then stood, governed as to the filing of notices of *lis
pendens* in actions of ejectment, and not the general statute
(sec. 3187). It was there further held that the judgment in
an action of ejectment only binds the defendants and per-
sons acquiring title to the premises from them, or some of
them, subsequent to the filing of the notice of the pendency
of the action, as provided in sec. 3088. In actions of eject-
ment the statute, as it stood prior to the recent amendment
(ch. 152, Laws of 1901), expressly declared that "if the prem-
ises for which the action is brought are *actually occupied*
by any person such actual occupant shall be made defend-
ant in complaint." Sec. 3075, Stats. 1898. Here, as indi-

cated, the premises were " actually occupied " by the respective persons named before the commencement of the action, and ever since; and yet no one who had so actually occupied the premises subsequently to November 4, 1895, was made a party to the action. Neither the rights of Churchill nor the rights of the appellant were adjudicated or attempted to be adjudicated in the action. *Gelpeke v. M. & H. R. Co.* 11 Wis. 454. This court has gone so far as to hold that the judgment in ejectment against a tenant of the land was not binding or *res adjudicata* in a subsequent action of ejectment by the same plaintiff for the same land against the landlord. *Kent v. Lasley*, 48 Wis. 257. Since the judgment in ejectment was not binding upon Churchill or the appellant, it follows that the writ of possession was improperly sought to be executed against the appellant. *Smith v. Pretty*, 22 Wis. 655, 657. In that case Mr. Justice PAINE, speaking for the court, said:

" The judgment is good only against the defendant and those claiming under him, or in privity with him. And where another person is in possession, claiming under a paramount title, it cannot be executed as against him. This has frequently been held not only in respect to the writ of possession issued to enforce decrees in chancery, but also as to executions in ejectment."

In support of such statement the learned justice, among other cases, cited *Clark v. Parkinson*, 10 Allen, 133, where it was held that "it is not the duty of an officer who serves a writ of possession to expel from the premises any persons who were in possession, claiming title in themselves, at the time when the suit was commenced in which the writ issued, and who do not claim under the person against whom the writ runs, nor resist the officer in his attempt to remove the latter and those claiming under him." Certainly the trial court had power to control its own process, and it would be repugnant to the entire spirit of the law for the court to allow its process to be enforced against one who had been

in the peaceful, open, visible, and notorious possession of the premises for more than two years and a half, and who was not a party to the action, nor in privity with any one who was a party to the action. It is no answer to say that, had the appellant been put out of possession, he would have had his remedy by independent action to regain possession. The law gave him a right to a hearing before being dispossessed, and upon the facts stated the court should have restrained the sheriff from interfering with such possession by virtue of the writ in question. Of course, the plaintiff is left to his remedy, if he has any, by independent action.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.