PRAHL and wife, Respondents, vs. ROGERS, imp., Appellant.

*February 5—February 23, 1906.*

*Mortgages: Foreclosure: Practice: Writ of assistance: Issuance: Notice: Sufficiency of grounds of motion to vacate: Laches: Failure to seal.writ: Amendment: Waiver.*

1. Under sec. 3187, Stats. 1898 (providing that from the time of the filing of the notice therein authorized the pendency of the action "shall be constructive notice thereof to a purchaser or incumbrancer of the property affected thereby; and every purchaser or incumbrancer whose conveyance or incumbrance is not recorded or filed shall be deemed a subsequent purchaser or incumbrancer and shall be bound by the proceedings in the action to the same extent and in the same manner as if he were a party thereto"), and sec. 3169 (providing, as to the effect of a sheriff's deed of foreclosure and the confirmation of the sale, that the same shall vest in the purchaser all the right,

title, and interest of the mortgagor, his heirs, personal representatives, and assigns in and to the premises sold, and shall bar all claim, right, and equity of redemption therein, of and against the parties to such action, their heirs and personal representatives, and also against all persons claiming under them subsequent to the filing of the notice of the pendency of the action in which such judgment was rendered; and the purchaser, his heirs and assigns shall be let into possession of the premises so sold on production of such deed or a duly certified copy thereof, and the court may, if necessary, issue a writ of assistance to deliver such possession), and in the absence of a rule of court in that behalf, there is no restraint upon the circuit court as to the necessary proceedings preliminary to the issuance of a writ of assistance to enforce the rights of a purchaser at a foreclosure sale. The circuit court may or may not require notice of the application to be given the occupant, as in its judgment may seem best in the particular case.

2. Under said secs. 3169, 3187, Stats. 1898, as to premises sold under a foreclosure judgment, one who has connected himself with the title by purchase of the equity of redemption after the filing of a *lis pendens*, as well as an occupant, actual or constructive, is deemed a party to the action and, therefore, chargeable with notice that the ordinary and usual proceedings in the execution of the judgment will occur, including the issuing of a writ of assistance.

3. The foregoing paragraph has no reference to cases where there is a party in possession under title not reached by the foreclosure judgment.

4. On a motion to vacate a writ of assistance issued to put the grantee of a purchaser at foreclosure sale into possession, it was alleged that the purchase at foreclosure sale was, or should have been, made in the interest of the holder of the equity of redemption, under whom the moving party claimed, and that the grantee of the purchaser at the foreclosure sale was chargeable with notice that he was a mere successor trustee to the moving party. The allegations were wholly on information and belief and were unequivocally denied. *Held*, that the showing made was insufficient to indicate, with reasonable probability, that the claim of the moving party could be maintained, and that the court was justified in denying the motion and in refusing to leave the moving party to his ordinary remedy to test the truth of the matter.

5. In the absence of equities superior to or impairing the right of one holding a sheriff's deed issued on a foreclosure sale to apply

for a writ of assistance, mere delay on his part is not sufficient to warrant denying the writ.

6. The right to a writ of assistance is not absolute, and while grounds for withholding it, in the court's discretion, may exist, yet one holding a sheriff's deed on a foreclosure sale, duly confirmed, is *prima facie* entitled to the writ to put him in possession of the subject of the purchase.

7. The omission of the seal of the court from a writ of assistance is, under sec. 2829, Stats. 1898, an amendable irregularity, and is waived by an appearance and motion to set aside the writ on its merits.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

The appeal was from an order denying a motion to set aside a writ of assistance.

May 12, 1897, Johanna Wrege, who was then possessed of a homestead right and also a one-third interest in the fee to the land in question, mortgaged, in form, the whole title to the plaintiffs to secure payment of a note for $1,000. She did not thereafter marry. August 30, 1897, subject to such mortgage, she in form conveyed the whole title to Mary Roe, who later by marriage became Mary Stadlbauer, the transaction being accompanied by an agreement as to the mortgage indebtedness, which was later passed upon by the court as hereafter mentioned. In January, 1898, the entire title to the property, subject to such mortgage, was by appropriate conveyances vested in Mary Roe, fully discharging the covenants for title contained in her deed. Subsequently Mary Roe, in form, conveyed the entire property to August E. Stadlbauer, who, as before stated, later became her husband. Subsequently a suit was commenced to foreclose such mortgage, Mary Roe (*nee* Stadlbauer) and August E. Stadlbauer being made defendants, and a notice of the pendency of the action being duly filed. The Stadlbauers appeared and answered. Such proceedings were thereafter duly had in the action that May 1, 1899, judgment was rendered in plaintiff's favor charging Johanna Wrege and the Stadlbauers with personal liability

for the mortgage indebtedness, and for foreclosure and sale in due form.   It was provided in the judgment in accordance with the statute covering the matter, as follows:

"After the confirmation of the sale . . . the purchaser, or purchasers, . . . his or their heirs or assigns, be let into pos- session of the premises so sold, on the production of the said sheriff's deed or deeds, or a duly authenticated copy thereof. And that each and every of the parties to this action, who may be in possession of the premises described in such deed or deeds, and every other person who since the filing of such no- tice of the pendency of this action has come into possession of the same . . . shall deliver to such grantee or grantees, in such deed or deeds, his or their heirs or assigns, possession of such portion of said mortgaged premises . . . on production of such deed or deeds, or an authenticated copy or copies thereof. . . . The defendants and their heirs respectively, and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be forever barred and foreclosed of all right, title, interest, and equity of redemption in said mortgaged premises, except the right of redemption before such sale, as provided by statute."

June 11, 1900, the mortgaged premises were sold pursuant to the judgment to the National Realty Company, the sale be- ing perfected by a sheriff's deed and a confirmation by the court in due form.   The Stadlbauers were in possession of the property at the time of the foreclosure proceedings.   Subse- quent to the foreclosure sale they, in form, conveyed the prop- erty to John B. Amazeen, who later, in form, conveyed the same to Charles Fitz Gerald, who later under a contract with appellant *Michael B. Rogers,* as his executory vendee, put the latter into possession of the property.   *Rogers* so remained up to the time of the application for the writ.   Petition was made for such writ July 14, 1905, on behalf of *Henry F. Durbin,* who was then owner of the property under proceedings and in- struments duly conveying to him the title acquired as afore- said by the National Realty Company.   The petition set forth, in the main, the facts above stated, and further that certified

copies of the sheriff's deed and the order confirming the sheriff's sale, and due evidence of the title acquired at the sale having passed to *Durbin,* were exhibited to *Michael B. Rogers,* and possession of the premises demanded of him, which demand was refused. The writ was issued July 15, 1905. Motion was made on behalf of *Michael B. Rogers* and Charles Fitz Gerald, his executory vendor, to set aside the writ, the motion being based upon affidavits to the effect that no notice of the application therefor was served upon them or either of them, and further showing on information and belief that at the time of the foreclosure sale Henry Herman, as agent of the Stadlbauers, had in his possession money with which to buy in the property in their interest and with instructions to so do; that in breach of his trust he caused the same to be conveyed to the National Realty Company; that the agencies of such company and all those concerned in the title under it down to and inclusive of the applicant for the writ were informed of that situation; that the National Realty Company never was possessed of any interest in the property, except as trustee for the Stadlbauers, and that although the legal title to the property passed to such company and through mesne conveyances to the applicant for the writ, the equitable title was in *Michael B. Rogers,* the executory vendee of Charles Fitz Gerald. There were opposing affidavits to the effect that *Henry F. Durbin* at the time he acquired his interest in the property had no knowledge, or information, or any ground of belief, or suspicion in respect to any of the matters stated in the affidavits in support of the motion to set aside the writ, as to the property having been bid in, or authorized to be bid in, at the foreclosure sale in the interest of August E. Stadlbauer.

The motion to vacate the writ was denied and *Rogers* appealed.

For the appellant there was a brief by *Vilas, Vilas & Freeman,* and oral argument by *C. A. Vilas.* They contended,

*inter alia,* that the appellant should have had notice of the application for the writ of assistance in order that he might have opportunity to appear and protect his interests. Secs. 3025, 3169, Stats. 1898; *Loomis v. Wheeler,* 21 Wis. 271; *Benhard v. Darrow,* Walk. (Mich.) 519; *Hopper v. Yonge,* 69 Ala. 484; *Wiley v. Carlisle,* 93 Ala. 237; *San Jose v. Fulton,* 45 Cal. 316; *Oglesby v. Pearce,* 68 Ill. 220; *Blauvelt v. Smith,* 22 N. J. Eq. 31; *Jones v. Hooper,* 50 Miss. 510; *Rawiszer v. Hamillon,* 51 How. Pr. 297; *Knight v. Houghtalling,* 94 N. C. 408; *Bell v. Birdsall,* 19 How. Pr. 491. In doubtful cases the writ should be refused and the parties left to litigate their contested rights in the proper court. *Wiley v. Carlisle,* 93 Ala. 237; *Hooper v. Yonge,* 69 Ala. 484; *Schenck v. Conover,* 13 N. J. Eq. 220; *Thomas v. De Baum,* 14 N. J. Eq. 37; *Chadwick v. Island Beach Co.* 42 N. J. Eq. 602; *Barton v. Beatty,* 28 N. J. Eq. 412; *Henderson v. McTucker,* 45 Cal. 647; *Blauvelt v. Smith,* 22 N. J. Eq. 31; *San Jose v. Fulton,* 45 Cal. 316; *Langley v. Voll,* 54 Cal. 435, 437; *Tevis v. Hicks,* 38 Cal. 234. The writ, being summary in character, should be refused by the court when the purchaser, seeking its aid to enforce his possession, has been guilty of such delay as to leave it doubtful whether or not he has given the person in possession the right to remain. *Hooper v. Yonge,* 69 Ala. 484; *Planters' Bank v. Fouwlkes,* 4 Sneed, 461.

For the respondent there was a brief signed by *T. L. Kennan,* attorney, *Quarles, Spence & Quarles,* of counsel, and *T. W. Spence,* of counsel for petitioner, and oral argument by *Mr. Spence.*

MARSHALL, J. Counsel for appellant with much authority presses upon our attention the idea that a writ of assistance to put a purchaser at a foreclosure sale in possession of the property should only be issued upon notice to the occupant, and should not be issued at all against one not a party to the

foreclosure suit. There is this fundamental infirmity in that position. It is based mainly on decisions in other states under statutes or court rules differing from ours and decisions and practice at common law. It is useless, generally, in treating a matter of procedure to go outside of our own statutes and court rules, and decisions applying the same. They make up the system in its entirety for all judicial proceedings in this state. *Kollock v. Scribner,* 98 Wis. 104, 117, 73 N. W. 776. On the question of what is the appropriate remedy in a given situation and how to invoke judicial instrumentalities in respect to the matter, and everything that has to do with remedies and procedure to make them efficient, the Code and court rules as uniformly applied under the direction of this court control. Less attention to common-law forms and practices and less attention to decisions in other states, and more attention to the written law as found in our statutes and rules of court, as construed and applied, would greatly promote the administration of justice.

Sec. 3187, Stats. 1898, provides that from the time of the filing of the notice therein authorized the pendency of the action "shall be constructive notice thereof to a purchaser or incumbrancer of the property affected thereby; and every purchaser or incumbrancer whose conveyance or incumbrance is not recorded or filed shall be deemed a subsequent purchaser or incumbrancer and shall be bound by the proceedings in the action to the same extent and in the same manner as if he were a party thereto," and sec. 3169, Stats. 1898, provides, as to the effect of a sheriff's deed of foreclosure and the confirmation of the sale, that the same "shall vest in the purchaser all the right, title and interest of the mortgagor, his heirs, personal representatives and assigns in and to the premises sold and shall be a bar to all claim, right or equity of redemption therein, of and against the parties to such action, their heirs and personal representatives, and also against all persons claiming under them subsequent to the filing of

the notice of the pendency of the action in which such judgment was rendered; and the purchaser, his heirs and assigns shall be let into the possession of the premises so sold on production of such deed or a duly certified copy thereof, and the court may, if necessary, issue a writ of assistance to deliver such possession."

The manner of obtaining the writ, it will be seen, is left entirely to the wisdom of the court, in the absence of any rule on the subject prescribed by this court, and there is none. The trial court may require notice to the occupant of the property of the application for the writ or not as in his judgment may seem best in the particular case. What would be proper and reasonably necessary in one case might not be in another. Formerly there was a rule allowing the writ to be issued by the clerk. Under that it was held that without an order of court the clerk could not act as against one not a party to the record. That is the effect of *Loomis v. Wheeler,* 21 Wis. 271, cited by counsel for appellant, when read in connection with *Goit in the suit of Knapp v. Dickermann,* 20 Wis. 630. The rule was adopted without a very careful regard for the language of the statute providing for its issuance only by the court or pursuant to its order. It was not altogether easy, it will be seen, by reference to the two cases cited to administer the statute in its letter and at the same time give effect to the rule in its letter. That difficulty long ago was remedied by a discontinuance of the rule. *Loomis v. Wheeler, supra,* however, remains and is liable to lead one astray as it seems to have done in this case. It is best to disregard the case altogether and look to the statute, which puts no restraint whatever upon the court as to necessary proceedings preliminary to the issuance of the writ. It will be observed that *Goit in the suit of Knapp v. Dickermann, supra,* so far as it treats of the authority of the court to issue the writ, clearly recognizes that no notice to the occupant is necessary. Attention is there called to the fact that the practice

in New York under a similar statute is to issue the writ *ex parte*.

The written law provides, specially, for the issuance of a writ of assistance in most cases where one is needed. Doubtless, under the general statutory grant of authority as to the issuance of writs one might be issued, if necessary, in a case not so expressly provided for, the act to be characterized by such reasonable procedure as to the court might seem just. As we have seen in the statute in question no notice is required in harmony with the fact that the occupant of the property, actually or constructively, is deemed to be a party to the action, and, therefore, chargeable with notice that the ordinary and usual proceedings in the execution of the judgment will occur. In case of title under a sale on execution notice is required under sec. 3025, Stats. 1898. The same is true in case of title acquired in condemnation proceedings under sec. 1850, Stats. 1898.

The proposition that the writ of assistance in a case of this sort can only issue against a party to the record is answered by the statute to which we have referred quite as definitely as the proposition we have already specially treated. The one provides that a person who connects himself with the title to the subject of the foreclosure subsequent to the commencement of the action under one who is a party thereto, after the filing of the notice of the pendency of the action is to all intents and purposes a party to the action, and the other provides that the judgment and deed of foreclosure and its confirmation shall bind equally the parties to the action who are named and those coming into privity with them after the filing of the notice of the pendency of the action. All are liable to be dealt with in proceedings for the execution of the judgment as equally bound. As it has been said:

"The judgment is binding on all parties against whom it was rendered, and all others coming into possession under them after suit brought, and not in pursuance of a specific

right in the property previously acquired. Against all such, the writ of assistance should be executed by the officer." *Gelpeke v. M. & H. R. Co.* 11 Wis. 454, 461; *Smith v. Pretty,* 22 Wis. 655; *Brown v. Cohn,* 88 Wis. 627, 635, 60 N. W. 826; *Cypreanson v. Berge,* 112 Wis. 260, 264, 87 N. W. 1081.

The foregoing has no reference whatever to cases where there is a party in possession under title not reached by the foreclosure judgment. In that situation or in case of a fair controversy as to whether such situation exists the parties should be left to their remedy by action. *Smith v. Pretty, supra; Stanley v. Sullivan,* 71 Wis. 585, 37 N. W. 801.

The claim that the purchase at the foreclosure sale was, or should have been, made in the interest of August E. Stadlbauer, under whom appellant claims, and that respondent is chargeable with notice that he is a mere successor trustee for appellant, rests wholly on information and belief and was unequivocally denied by and on behalf of respondent. Had the papers used on the motion to set aside the writ shown a reasonable probability that the claim of the appellant could be maintained, the court would have been justified, if not required, to leave respondent to his ordinary remedy by action to test the truth of the matter. Evidently the trial court did not consider the showing made was sufficient to indicate any such probability, and in our judgment it was fully warranted in so holding.

True, there was considerable delay in applying for the writ, but mere delay in such a case is not sufficient to warrant denying the use of the remedy. It does not appear that any right adverse to respondent accrued during the delay nor is in any way attributable thereto. No equities superior to nor impairing in any respect the right of respondent appear to have been created subsequent to the entry of the foreclosure judgment. The right to the remedy is not absolute. Grounds for withholding it in the discretion of the court may exist.

The court is clothed with pretty broad discretionary power in respect thereto, but after all, one holding a sheriff's deed issued on a foreclosure sale, duly confirmed, is *prima facie* entitled to his writ to be put in possession of the subject of the purchase. It cannot be withheld without some reasonable cause, mere delay not being sufficient. As it is said, "where there is no ground for the discretionary withholding of the right it (the writ) issues *ex debito justitiæ* and as much a matter of course as an execution on a judgment."

It seems that the seal of the court was omitted from the writ. That was an amendable irregularity, which was waived by the appearance and motion to set aside the writ on its merits. In the circumstances of the appellant's procedure it falls under sec. 2829, Stats. 1898, as counsel for respondent suggests.

*By the Court.*—The order is affirmed.