WISCONSIN RIVER LAND COMPANY, Respondent, vs. PAINE LUMBER COMPANY (LIMITED), Appellant.

*December 8, 1906—January 8, 1907.*

*Ejectment: Cause of action: Pleading: Complaint: Demurrer: Tax titles: Limitation of actions.*

1. On an appeal from an order overruling a demurrer to a complaint in ejectment the complaint is *held* to state a good cause of action.

2. Where in an action of ejectment the complaint sets out a cause of action based on a tax title, alleges all the facts required by sec. 3077, Stats. 1898, and is sufficient to entitle the plaintiff to recover, its sufficiency is not destroyed by additional allegations that the lands were "vacant and unoccupied" and "that the defendant claims title in fee simple to said lands."

3. Tax deeds on lands that had at all times been vacant and unoccupied had been recorded for upwards of three years prior to the time that plaintiff, grantee by mesne conveyances from the original tax-deed grantees, brought an action of ejectment. Plaintiff in its complaint pleaded the three years' statutes of limitation contained in secs. 1, 2, ch. 309, Laws of 1880, and secs. 1187, 1188, S. & B. Ann. Stats. and Stats. 1898. On demurrer that the cause of action alleged in the complaint was barred by the same three years' statutes of limitation, it was *held* that the plaintiff and its grantors were entitled to the protection of such statutes, and that the cause of action alleged in the complaint was not barred.

APPEAL from an order of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling the demurrer to the complaint, alleging in effect that during the times mentioned the plaintiff and the defendant were, respectively, corporations duly organized under the laws of this state, and that the plaintiff is the owner of and has an estate in fee simple in and to, and is entitled to the possession of, the premises therein described, situated in Langlade county. The plaintiff's title is based in part on, and derived from, the several tax deeds therein set forth, among others: (5) A

tax deed executed by the county clerk of Lincoln county to John Comstock October 12, 1881, and recorded October 14, 1881, for the delinquent taxes of 1873 and sale of 1874. (6) Another tax deed executed by the county clerk of Lincoln county to Thomas B. Scott May 7, 1883, and recorded May 11, 1883, for the delinquent taxes of 1876 and sale of 1877. (7) Another tax deed executed by the county clerk of Lincoln county to John Comstock June 13, 1881, recorded June 14, 1881, for the delinquent taxes of 1877 and sale of 1878. (8) Another tax deed executed by the county clerk of Lincoln county to John Comstock June 13, 1885, recorded June 18, 1885, for the delinquent taxes of 1881 and sale of May, 1882. (9) Another tax deed executed by the county clerk of Lincoln county to this plaintiff August 31, 1888, recorded September 1, 1888, for the delinquent taxes of 1884 and tax sale of 1885. The complaint further alleges:

"(10) That the aforesaid tax-deed grantees, other than the plaintiff, did, prior to the commencement of this action and for a valuable consideration, by due mesne conveyances, give, grant, convey, and transfer to plaintiff the said lands, and all of their rights, titles, and interests therein created by said tax deeds. (11) That at all the times when the assessments were made upon which the taxes and sales aforesaid were based the said lands were duly assessable and taxable by the towns and officers making such assessments and levying such taxes; that in each and every instance where a tax was levied as aforesaid, and a tax sale on account thereof was had as aforesaid, each such tax remained wholly unpaid and was duly returned delinquent to the proper county treasurer, and was duly offered and advertised for sale, and each such tax sale aforesaid was duly, legally, and properly conducted, and by reason thereof, when each and every such tax deed aforesaid was executed and delivered, the said lands were severally deedable, and the said proper officers of the county in which said lands were then situated were duly authorized to deed the same; that prior to the execution, delivery, and recording of each of said deeds none of the taxes upon which the tax sales aforesaid therein referred to were based were paid, nor

were any of·such lands redeemed from such taxes before or after sale and before deeding, nor were any of the tax certificates upon which any of said tax sales or tax deeds were based, nor were any of the said tax deeds, ever canceled or set aside or annulled or avoided; that all the proceedings prior to and including the execution, delivery, and recording of said tax deeds were duly had and conducted. (12) That more than three years had, prior to the commencement of this action, elapsed ,since the recording of said tax deeds aforesaid, and each of them, and the plaintiff hereby pleads the three years' statutes of limitation contained in secs. 1, 2, ch. 309, Laws of 1880, and secs. 1187, 1188, S. & B. Ann. Stats. 1889 and Stats. 1898, and all acts and parts of acts amendatory to either or any of the aforesaid statutes, and of which they are amendatory or in codification, in support of said tax deeds and of its title thereunder. (13) That ever since the execution and delivery and recording of the said tax deeds aforesaid, and each and every of them, the said lands and all of them have been and now are wild lands and vacant and unoccupied. (14) That the defendant claims title in fee simple to said lands and unlawfully withholds, and for some time prior to the commencement of this action has unlawfully withheld, possession of said premises from the plaintiff, to its damage in the sum of $100, which the plaintiff claims. Wherefore plaintiff demands judgment against the defendant (1) for the possession of said premises; (2) for the sum of $100, plaintiff's damages for withholding thereof; (3) for the costs and disbursements of this action."

For the appellant there was a brief .by *Thompson, Thompson & Pinkerton,* attorneys, and *Charles Barber,* of counsel, and oral argument by *Mr. A. E. Thompson* and *Mr. Barber.*

For the respondent there was a brief by *Reid, Smart & Curtis,* and oral argument by *E. M. Smart.*

CASSODAY, C. J. 1. Four grounds of demurrer are stated. Only two of them are discussed by counsel. One of the grounds so discussed is that the complaint does not state facts sufficient to constitute a cause of action. The statute prescribes what must be alleged in a·complaint in an action of

ejectment.   It must "set forth that the plaintiff has an estate or interest in the premises claimed," and "particularly state the nature and extent of such estate or interest, whether in fee," etc., "and that the defendant unlawfully withholds the possession thereof. from him, to his damage such sum as he claims."   Sec. 3077, Stats. 1898. . This is, undoubtedly, an action in ejectment, and the complaint alleges all the facts thus required by the statutes.   Counsel for the defendant concedes that "the plaintiff in its complaint has conclusively shown that it is the owner in fee simple of these lands by virtue of valid tax deeds duly issued to plaintiff's grantors, that the same were fair on their face and were duly recorded," and "that ever since the execution and delivery. of said tax deeds the lands, and all of them, have been and still are wild lands, and vacant and unoccupied," and that "by a long line of decisions the plaintiff has therefore established that it is the legal owner of these lands and is in the constructive possession of the same,"—citing *Sprecher v. Wakeley,* 11 Wis. 432; *Hill v. Kricke,* 11 Wis. 442; *Knox v. Cleveland,* 13 Wis. 245.   The contention seems to be that, although the complaint alleges all the facts thus required by the statute and sufficient to entitle the plaintiff to recover in ejectment, yet that its sufficiency is destroyed by reason of the additional allegations that such lands were "vacant and unoccupied" and "that the defendant claims title in fee simple to said lands."   Counsel virtually concede that with those allegations stricken out the complaint would have satisfied all the calls of the statute.   Assuming this to be so, still it was held by this court many .years ago, on demurrer, that irrelevant or redundant matter in a complaint in ejectment did not destroy nor vitiate the facts well pleaded, nor change the nature and character of the action.   *Riemer v. Johnke,* 37 Wis. 258, 261. Besides, the statute as amended also declares that "if the premises for which the action is brought are actually occupied by any person, such actual occupant shall be made de-

fendant in complaint; if they are not so occupied, the action must be brought against some person exercising acts of ownership on the premises claimed, or claiming title thereto or some interest therein, at the commencement of the action, or against the person in whom the title appears of record in the office of the register of deeds in and for the county in which said premises are located, at the commencement of the action." Sec. 3075, Stats. 1898; sec. 1, ch. 152, Laws of 1901; *Stephenson v. Doolittle,* 123 Wis. 36, 100 N. W. 1041; *Cypreanson v. Berge,* 112 Wis. 260, 263, 264, 87 N. W. 1081. We must hold that the complaint states a good cause of action in ejectment against the defendant.

2. The only other ground of demurrer discussed by counsel is that the cause of action alleged in the complaint is barred by the three years' statutes of limitation. Ch. 309, Laws of 1880; secs. 1187, 1188, S. & B. Ann. Stats. 1889 and Stats. 1898. The same statutes of limitation are alleged in the twelfth paragraph of the complaint as having run in favor of the plaintiff and its grantors for more than three years prior to the commencement of this action and since the recording of such tax deeds and each of them. The lands being vacant and unoccupied during the times alleged, there can be no question under the decisions of this court that the plaintiff and its grantors are entitled to the protection of such statutes of limitation. *Knox v. Cleveland,* 13 Wis. 245; *Dupen v. Wetherby,* 79 Wis. 203, 48 N. W. 378; *Gunnison v. Hoehne,* 18 Wis. 268; *Lawrence v. Kenney,* 32 Wis. 281. In this last case it was held:

"The grantee in a tax deed has the constructive possession of the land if actually unoccupied; and in such case, after the expiration of the time limited for an action by the former owner to test the validity of the tax deed, . . . the title and right of possession under the tax deed having become absolute, the grantee therein may maintain ejectment against any person thereafter taking possession adversely to such deed, and the bar of the statute does not apply to him."

In another case it was held:

"Under the statutes of 1849, the formal execution and record of a tax deed of unoccupied premises drew after it the possession, and made it incumbent on the previous owner, if he desired to contest its validity, to commence his action, or take actual adverse possession, within the period of limitation prescribed; otherwise, his right was gone." *Dean v. Earley,* 15 Wis. 100.

In another case it was held:

"Where the bar of the statute of limitation is complete in favor of the grantee in a tax deed, he has an absolute title to the land, which cannot be defeated by a statute subsequently enacted." *Lindsay v. Fay,* 28 Wis. 177. See, also, *Gates v. Parmly,* 93 Wis. 294, 313, 66 N. W. 253, 67 N. W. 739.

Other cases might be cited, but it is unnecessary. We must hold that the cause of action alleged in the complaint is not barred by the statutes of limitation.

*By the Court.*—The order of the circuit court is affirmed.