ILLINOIS STEEL COMPANY, Respondent, vs. KOHNKE, imp., Appellant.

*November 22—December 10, 1912.*

*Limitation of actions: Adverse possession: Ejectment against tenants: Effect as to landlord: Privity.*

An action of ejectment brought by the true owner of land against tenants occupying the same operates to interrupt the running of the statute of limitations (in this case sec. 4211, Stats. 1898) in favor of the landlord, when he is in possession only through such tenants, although he is not a party to the suit. To that extent there is privity between tenant and landlord.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

On September 10, 1897, the plaintiff herein commenced an action against the defendants William Treu and wife to recover possession of certain property, the complaint alleging an estate in fee in the plaintiff and the unlawful withholding and occupancy thereof by the defendants. On September 23, 1897, the defendants William Treu and wife answered, alleging among other things that they were tenants of Andreas Kohnke, now deceased, and that he was a necessary and proper party defendant. On March 31, 1906, in accordance with a

previous order of the court making *Christina Kohnke,* wife
of Andreas Kohnke, deceased, a party defendant, the plaint-
iff served an amended complaint on the defendants. On
April 13, 1906, the defendant *Christina Kohnke* answered,
setting up as a defense adverse possession by her grantors and
predecessors for a period of more than twenty years immedi-
ately preceding the commencement of the action. On March 5,
1912, on leave of the court, the defendant *Christina Kohnke*
served and filed an amended answer in which she alleged ten
years' adverse occupancy under a written instrument, and as
a new defense pleaded the ten-year statute of limitations ap-
plicable to the facts set forth.

On the trial the defendants introduced testimony to show
that in the summer of 1891 Henry Troy built a house on the
property in question and took up his residence there; that in
1892 he removed therefrom and rented the premises to one
Charles Tessler, who continued to occupy the place; that in
August, 1893, Troy and wife sold the property to Andreas
Kohnke and that Tessler continued to occupy the same, pay-
ing rent thereafter to Kohnke until some time in 1896, at
which time William Treu became a tenant of Kohnke and re-
sided on the premises with his wife until shortly after the
commencement of this action in 1897, and that thereafter the
premises were occupied by various parties who were tenants
of *Christina Kohnke.* At the close of the trial judgment was
entered on a directed verdict in favor of the plaintiff, and
from such judgment the defendant *Kohnke* appeals.

For the appellant there was a brief by *Fiebing & Killilea,*
attorneys, and *Moritz Wittig* and *Henry J. Killilea,* of coun-
sel, and oral argument by *Mr. Wittig.*

For the respondent there was a brief by *Theodore Kron-
shage, Jr.,* and *John H. Paul,* and oral argument by *Mr. Kron-
shage.*

BARNES, J.    There was evidence tending to show that in
1893 one Henry Troy sold and conveyed the land in dispute

to Andreas Kohnke. Troy was apparently a squatter who had no title to the land which he sold. Kohnke died in 1905 and his widow succeeded to his rights in the property and is now one of the defendants in the action. The premises were occupied by the Kohnkes or their tenants from the time of the purchase until the action was tried in 1912. In 1897, when the action was commenced, William Treu and wife occupied the premises as tenants and the action was begun against them only. *Mrs. Kohnke* was not made a party defendant until 1906. She claims uninterrupted adverse possession from the time of the purchase in 1893 until she was made a defendant in 1906. She further claims that her husband took possession of the premises under claim of title, which claim was founded on a written instrument of conveyance, and that she now has good title by virtue of the ten-year statute of limitations (sec. 4211, Stats. 1898). Plaintiff traced the original title to itself.

As we view it the appeal presents but one question, and that is, Did the action which the plaintiff brought against the tenants in possession operate to interrupt the running of the ten-year statute of limitations in favor of the landlord? If this question should be answered in the affirmative the circuit court was right in directing a verdict, no matter what the grounds of its decision were.

It was the general rule at common law that in actions of ejectment the only necessary parties defendant were those in the actual occupancy of the premises over which the controversy arose. Under this rule it was held that the tenant in possession was a necessary party and that his landlord was not. 15 Cyc. 82–84; 10 Am. & Eng. Ency. of Law (2d ed.) 526; 7 Ency. Pl. & Pr. 301, 304. The existence of this rule of law was probably one of the reasons for the passage of sec. 18 of ch. 91, R. S. 1858, now sec. 2197 of our Statutes, by which it is made the duty of the tenant to notify the landlord of any proceeding brought for the recovery of the leased property or the possession thereof.

The statutory action of ejectment may be brought for the recovery of real property or for the recovery of the possession thereof.    Sec. 3073, Stats. (1898).

If the premises are actually occupied, such actual occupant must be made a defendant.    Sec. 3075, Stats. (1898).    Treu and wife were the actual occupants of the premises in suit when the action was commenced and were necessary parties to the suit under this statute.

The plaintiff may join as defendants with the occupants those claiming title, but he is not obliged to do so if the party who makes the claim is not in possession and plaintiff seeks to recover possession only.    Sec. 3076, Stats. (1898).    Plaintiff is entitled to judgment if he succeeds in proving right of possession.    Sec. 3079, Stats. (1898).    These statutes, as well as secs. 3084 and 3086, Stats. (1898), clearly show that an action of ejectment may still be maintained when recovery of possession only is sought.

The appellant insists that there was no privity between the landlord and the tenant, and that neither the commencement of the action against the tenant nor the final judgment against him could affect the landlord who was not a party to the suit, and that the action was not commenced against *Mrs. Kohnke* until the summons was served on her in 1906.    The following cases, among others, are cited and relied on to support her contention: *Levy v. Wilcox,* 96 Wis. 127, 132, 70 N. W. 1109; *Webster v. Pierce,* 108 Wis. 407, 418, 83 N. W. 938; *Wis. River L. Co. v. Paine L. Co.* 130 Wis. 393, 396, 397, 110 N. W. 220; *Kent v. Lasley,* 48 Wis. 257, 261, 4 N. W. 23; *Mariner v. Chamberlain,* 21 Wis. 251; *Smith v. Pretty,* 22 Wis. 655, 657; *Pewaukee v. Wis. Lakes I. & C. Co.* 110 Wis. 67, 85 N. W. 660; *Cypreanson v. Berge,* 112 Wis. 260, 87 N. W. 1081; and *Prahl v. Rogers,* 127 Wis. 353, 106 N. W. 287.

Without undertaking to discuss these cases in detail, it may be said that they are to the effect that a judgment in an action of ejectment against a tenant who is a party does not operate

to deprive a landlord who is not a party of either his title or of his future right of possession. They do not hold that the commencement of an action against the tenant does not interrupt the running of the statute of limitations in favor of the landlord. The authorities passing upon this question directly are not numerous. The Texas court has passed upon it and held that where one person was holding possession of lands by his tenant, that possession ceased to be peaceable when the tenant was sued for possession. Continuing, the court said:

"A claimant of land who brings his action against the party whom he finds in possession thereby stops the running of limitation in favor of that party's landlord. There is such privity between the tenant and landlord that, for the purpose of stopping limitation, the suit against the tenant is as effectual as if brought against the landlord also." *Read v. Allen*, 56 Tex. 180, 181.

Other cases to the same effect are *Read v. Allen*, 58 Tex. 380; *Allen v. Read*, 66 Tex. 13, 17 S. W. 115; *Stout v. Taul*, 71 Tex. 438, 9 S. W. 329; *Galbraith v. Howard*, 11 Tex. Civ. App. 230, 32 S. W. 803, 807.

A question closely akin to the one under discussion was before this court. The action was one to quiet title, plaintiff claiming to have been in possession of an interest in the premises by virtue of the occupancy of the land by a tenant. An action of ejectment had been commenced and prosecuted to judgment against the tenant by another claimant to the land, the landlord not being made a party to such suit. The plaintiff recovered judgment and the tenant against whom the action was brought then leased the premises from such plaintiff. The effect of the judgment was considered, and it was held that the possession was adversely and completely changed by virtue of the judgment, and that "the landlord is, so far, bound by the judgment, notwithstanding the want of notice, though he is not bound as to the title, or future right of possession. The tenant who neglects to give notice violates his

allegiance to his landlord, but that is only a matter between him and his landlord, and not one which can affect the party who has recovered possession from the tenant, except the recovery be collusive, or obtained by tampering with the tenant. It is the same as if the tenant had delivered over the possession wrongfully to another person. The landlord must bring an action of ejectment to recover it." *Stridde v. Saroni,* 21 Wis. 173, 178. The court holds in this case that the judgment operates to change the possession from the landlord to the plaintiff in the action, although it is not conclusive as to title or future right of possession. If such is the effect of a judgment where the tenant only is made a party defendant, it would seem to follow logically enough that the commencement of the action to recover possession would interrupt the running of the statute of limitations in favor of the landlord.

The general rule is of course well settled that judgments are binding only on parties and their privies. It is also laid down as a general proposition that there is no privity between landlord and tenant, because the landlord does not derive his title from, through, or under him. "No one is privy to a judgment whose succession to the rights of property thereby affected occurred previously to the institution of the suit." 1 Freeman, Judgments (4th ed.) § 162.

But it is not correct to say here that there was no privity between Andreas Kohnke and his tenants. The deed which he obtained to the premises apparently did not convey a shred of title. It only served to shorten the period of adverse possession that would be necessary to acquire good title in that manner. The only possession which Kohnke or his wife had up to the time the action was commenced against *Mrs. Kohnke* was the possession obtained by virtue of the occupancy of the premises by their tenants. It was solely through this possession that they could claim the benefit of the statute of limitations. The defendant *Kohnke* would not be entitled to the protection of such statute if an action were brought against

her or her husband during the ten-year period.    The Kohnkes
having possession through their tenants only, any challenge of
the possession of the tenant was necessarily a challenge of the
possession of the landlord.

Where the owner of a parcel of land finds some person in
the actual occupancy thereof and commences an action to oust
such occupant and recover possession, this is a pretty sub-
stantial assertion on the part of the owner of intention to
claim what belongs to him.    We have and can have no exact
definition of what a disseised owner must do in the way of
reclaiming his property in order to interrupt the running of
the statute.    It is said in *Ill. S. Co. v. Budzisz,* 115 Wis. 68,
87, 90 N. W. 1019:

"The most essential element in such a case is the *'animus
clamandi,'* and that may be inferred from circumstances.    It
is not necessary that it should be made manifest by any for-
mal declaration to anybody.    The necessary purpose being
clear, if the element of notoriety is sufficient to bring the sit-
uation home to the attention of the adverse occupant, if he is
paying such heed to his possession as a person under the cir-
cumstances' would ordinarily pay, that is sufficient."

Mere verbal denials of the right of the adverse occupant by
the owner, or loose claims of title in himself, or ineffectual
protests short of a disturbance of the rights of the adverse
claimant in a legal sense and short of an assertion of right in
himself, will not interrupt the running of the statute.    1 Cyc.
1069; *Ill. S. Co. v. Budzisz, supra.*    But challenging the
right of the occupant by bringing him into court is as direct
and as positive an assertion of right as could well be made.

Our statutes of limitation deal quite liberally with the in-
vader who hoists a hostile flag over that which does not belong
to him.    Where the true owner finds the intruder and pro-
ceeds to assert his rights by taking the necessary legal steps to
evict such intruder, we think it should be held that there-

after the statute of limitations ceases to run either in favor of the actual occupant or one who occupies the relation of landlord to such occupant. It follows from what has been said that the judgment appealed from is correct.

*By the Court.*—Judgment affirmed.