## LOOMIS VS. WHEELER.

WRIT OF ASSISTANCE :—*Lies only against a judgment defendant—What affidavit must show—Liability of officer.*

1. The affidavit on which the clerk of court is authorized to issue a writ of assistance, must show a demand of *a party* to the action, who has the possession, and refuses to surrender it.
2. If the affidavit is insufficient, the sheriff is not liable for a refusal to serve the writ, though regular in form.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action against a sheriff for a refusal to serve a writ of assistance issued by the clerk of said county. The substantial defects in the papers on which the writ was issued, are stated in the opinion. Judgment for the defendant; from which the plaintiff appealed.

*A. M. Blair*, for the appellant, to the point that the writ was properly issued, cited Equity Rules, No. 8; 2 Wis., 507–17; 10 id., 101. Being regular in form, and issued from a court of competent authority, it was the sheriff's duty to execute it. 10 Wis., 104; *Loomis v. Wheeler*, 18 id., 524.

*Gillett & Conklin, contra.*

Loomis vs. Wheeler.

DOWNER, J.  This is an action brought against the respondent as sheriff for refusing to execute a writ of assistance issued by the clerk of the circuit court in vacation, and claimed to have been issued under rule eight of the equity rules of the circuit courts, which provides that "when any decree or order is for the delivery of possession, upon proof made by affidavit of a demand and refusal to obey the decree or order, the party prosecuting the same shall be entitled to a writ of assistance from the clerk of the court." A demand of, or a refusal by, whom? Obviously some *party to the record* in the action in which the decree or order was made, who, in person or by his agent, is in possession.

The affidavits, or papers claimed to be affidavits, on the filing of which the clerk issued the writ, do not state that the person of whom the demand of possession was made, was in possession of the premises, or able to deliver possession of them. The writ commanded the sheriff to put *all* persons out of possession, and the plaintiff in possession of the premises; and yet, so far as appears in this case, no proof was made to the clerk before he issued the writ, that any of the parties to the foreclosure action was in possession; and for aught that he then knew, judging from the testimony before us, persons not parties to the foreclosure suit, and who had not had their day in court, may have been in actual possession of the premises. The writ does not even follow the ordinary form, in reciting that the person of whom the demand was made is in possession. The writ was therefore, for aught that appears in this action, issued by the clerk, without authority; and the plaintiff is not entitled to recover damages of the sheriff for refusing to execute it, even though the writ itself is regular on its face, and sufficient to protect him if he had obeyed it.

*By the Court.*—The judgment of the circuit court is affirmed.