## WILLOUGHBY V. GEORGE.

1. Statutes limiting the time within which a review may be had, whether by appeal or writ of error, are in the nature of statutes of repose.

2. In appeal cases, when special pleading is not allowed, it is proper for the respondent to apply to dismiss the appeal if it is not brought within the time limited by the statute, or if the right to appeal is barred in any other manner.

3. Where the right to appeal is barred by lapse of time, the right to plead the bar is a vested right, and beyond the peril of subsequent legislation.

4. The statute (Act of 1879, Sec. 38, page 229), in so far as it allows a writ of error to a judgment in respect to which an appeal was barred prior to its passage, is retrospective in its operation, and not only within the constitutional prohibition, but within the prohibition of fundamental principles governing retrospective laws.

*Error to District Court of Boulder County.*

MOTION to dismiss writ of error. The case is stated in the opinion.

Mr. JOHN W. HORNER, for appellant.

Mr. THOMAS GEORGE, *pro se, contra.*

ELBERT, J. This was an action of replevin brought by George against Willoughby. Judgment was rendered against Willoughby, Nov. 3, 1877, after the Code went into effect.

At the date of the rendition of the judgment, and thereafter until the passage of the act of Feb. 24, 1879, the only method of review was by appeal. A writ of error did not lie. This was decided on a motion to dismiss a writ of error sued out

by Willoughby in this case, returnable to the December Term, 1877. *Willoughby* v. *George*, 4 Col. 22.

February 24, 1879, the legislature passed a law providing that " Writs of error shall lie from the Supreme Court to every final judgment of the several district and county courts of this State, and such writs of error shall be amendable, and *this section shall be deemed to apply to all judgments or decrees which have been rendered since the first day of October, A. D., 1877, by any district or county court.*" Sess. Laws 1879, Sec. 38, p. 229.

The present writ is sued out under the provisions of this section. The motion to dismiss is based on the constitutional prohibition of laws " retrospective in their operation."

The Code (Sec. 338) provided that an appeal might be taken from a final judgment " within six months after the rendition of the judgment."

By reference to the date of the judgment, it will be seen that the time within which Willoughby could prosecute an appeal under the law, as it then stood, had elapsed long prior to the passage of the act of the 24th of February, 1879.

Statutes limiting the time within which a review may be had, whether by appeal or writ of error, are in the nature of statutes of repose. They fix a period when litigation shall have an end, that the rights of litigants may become settled and established.

In the case of *Fleet* v. *Youngs*, 11 Wend. 522, the statute requiring a writ of error to be brought within two years after the rendition of the judgment, is treated by Chancellor Kent as a Statute of Limitation, and the lapse of time thereunder as a defense to be pleaded in bar, or if apparent from the record, available on motion to dismiss.

In the case of *Brooks* v. *Norris*, 11 How. 207 *, Chief Justice Taney says: " In this case five years had elapsed before the writ of error was brought and the limitation of time in the act of Congress was a bar to the writ. * * * The bar arising from lapse of time is apparent on the record, and the

defendant may take advantage of it by motion to quash or dismiss the writ."

It is true a writ of error is the commencement of a new suit, and an appeal but a continuation of a suit, but the character and effect of the limitation are the same.   Chancellor Kent, in the case of *Fleet* v. *Youngs, supra*, recognizes no distinction. He says:   "In appeal cases where special pleading is not allowed, it is proper for the respondent to apply to dismiss the appeal, if it is not brought within the time limited by the statute, or if the right to appeal is barred in any other manner."

In the present case, after the lapse of the six months within which an appeal could be taken, an appeal was barred.   As the law then stood, the controversy respecting the subject-matter of the suit was closed; the issues involved were *res judicata;* George's right of property in the judgment was indefeasible, and his right to plead the lapse of time as a bar to an appeal, was a vested right and beyond the peril of subsequent legislation.   Otherwise no such judgment can be rested upon as final, but stands qualified by a perpetual condition of defeasance resting in possible future legislation.

There is no difference in principle between this case and the ordinary case of a right of action barred by the Statute of Limitation.   In such a case, where the statute has once run and the bar has attached, the right to plead it as a defense is a vested right which cannot be taken away or impaired by any subsequent legislation.   Cooley, Const. Lim. 365 and 369, and cases cited.   Sedgwick, Con. & Stat. 109 note, 644 note.

The statute in question in so far as it allows a writ of error to a judgment, in respect to which an appeal was barred, prior to its passage, is "retrospective in its operation," and not only within the constitutional prohibition but within the prohibition of fundamental principles governing retrospective laws, independent of constitutional or statutory enactments.   Story, Con. Sec. 1399. Sedgwick, Con. and Stat. 173.   The writ must be dismissed.

*Dismissed.*