# DUSING *v*. WILSON.

*(Supreme Court of Colorado, December Term, 1881. Appeal from the District Court of Jefferson County.)*

PRACTICE—APPEAL MUST BE PRAYED WITHIN THREE DAYS—INTERVENING MOTION FOR NEW TRIAL DOES NOT SUSPEND STATUTORY REQUIREMENT. The Statute (Section 332, page 127, King's Code,) that an appeal be prayed within three days after the time of rendering the judgment or decree. The pending of a motion to vacate the judgment and for a new trial does not relieve the party making it from the statutory requirement. An appeal prayed nine days after the rendition of the judgment, and immediately after the motion for new trial, made on the same day the judgment was rendered, is not in time, and, on motion, will be dismissed.

PER CURIAM. The judgment in this case was rendered and entered of record on the 19th of April, 1881; afterwards, and on the same day, the defendant filed his motion to vacate judgment and for a new trial. This motion was heard and overruled on the 27th of April, 1881, when the defendant prayed an appeal. The Statute requires that the appeal be prayed within three days after the time of rendering the judgment or decree. The appeal in this case was not prayed until nine days after the rendition of judgment, and was not in time. The pendency of the defendant's motion to vacate the judgment and for a new trial did not relieve him from the statutory requirement. *Freas* v. *Townsend*, 1 Colo., 87.

The motion to dismiss the appeal must be allowed.

*Dismissed.*

*Brown & Putnam*, for appellant.
*A. H. DeFrance*, for appellee.