A. W. SINDLINGER, APPELLANT, v. SILAS E. JEWELL, APPELLEE.

AN APPEAL MUST BE PRAYED WITHIN FIVE DAYS.—To constitute a valid appeal from the judgment of a trial court to this court under the statute of 1889, the appeal must be prayed within five days from the rendition of the judgment. Intervening motions to vacate the judgment,—for new trial, and the like, do not relieve from the statutory requirement.

*Motion to Dismiss Appeal.*

Mr. A. W. SINDLINGER, *pro se.*

Mr. W. W. WHITE, for appellee.

PER CURIAM. It appears from the record in this case that judgment was rendered and entered of record on the 19th day of June, 1891, at the May term of the county court of Arapahoe county. That thereafter and on the same day defendant prayed an appeal to the district court of Arapahoe county, which was allowed on condition of filing bond. That on the 7th day of July, A. D. 1891, the same being one of the regular days of the July term, defendant filed a motion for an appeal to this court, which motion was granted. That on the 11th day of July the time for filing the bond and perfecting the appeal was extended one week, and on the 17th day of July, 1891, said bond was filed.

The appellee moves to dismiss the appeal, and alleges as a ground for said motion that the appeal was not prayed for within five days after judgment was rendered in the court below, as required by law. This motion will have to be allowed.

This appeal is prosecuted under section 10 of the Code, entitled An Act to provide a code of procedure in civil actions for courts of record, etc. Session Laws, 1889, page 77, which provides that appeals to the supreme court from the district, county and superior courts shall be allowed in all cases where the judgment of the court appealed from be final * * * Provided such appeal be prayed for within five days after the time of rendering the judgment or decree.

In *Dusing v. Nelson*, 6 Colo. 39, the supreme court of this state in construing a similar statute determined that under the statute an appeal to the supreme court must be prayed within three days after the time of rendering judgment or entering the decree. The pendency of a motion to vacate the judgment and for a new trial does not relieve the party from the statutory requirement. A similar conclusion was reached in *Willoughby v. George*, 5 Colo. 80.

These cases are conclusive upon us and the appeal must be dismissed.

*Dismissed.*