[No. 4511.]

## EDELSTEIN v. CARLILE ET AL.

1. **Statutes—Remedial—Retrospective.**

Remedial statutes may be retrospective provided they do not impair contracts or disturb vested rights. But all statutes will be construed to have a prospective effect only, and will not be permitted to affect past transactions, unless such intention be clearly and unequivocally expressed.

2. **Statutes of Limitation—Amendment—Reviving Actions.**

The legislature cannot, by amending a statute of limitation, revive an action when the bar of the statute has once attached.

3. **Statutes of Limitation—Amendment.**

Statutes of limitation may be amended so as to shorten or lengthen the time within which actions may be brought, provided a reasonable time be given within which all actions accrued at the time of the adoption of the amendment may be commenced.

4. **Same—Construction.**

The provision of the constitution that no act of the general assembly shall take effect until ninety days after its passage, except in cases of emergency, cannot be construed as being a time fixed by the legislature within which actions shall be

brought, where no emergency clause is attached to a statute of limitation.

5. Same.

Section 2923, 3 Mills' Ann. Stats., limiting the time within which actions for the recovery of lands shall be brought to twenty years, should be construed as acting prospectively only, and does not apply to causes of action existing at the time of its adoption.

*Error to the District Court of Pueblo County.*

Mr. D. M. CAMPBELL, for plaintiff in error.

Mr. ALVA B. ADAMS and Mr. M. G. SAUNDERS, for defendants in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

In the year 1901 an action was begun by the defendants in error in the district court of Pueblo county for the purpose of obtaining possession of certain real property, situated in said county, and for damages for the wrongful detention thereof. The amended answer alleges as a second defense that the defendant and his grantors have been in the possession of the property since the month of January, 1881, and further, that no action was brought to obtain possession thereof within twenty years after the right to bring such action accrued. A demurrer to the second defense on the ground that it did not state facts sufficient to constitute a defense was sustained. Upon the trial, the defendant offered to prove that he and his grantors had been in the possession of the property since January 1st, 1881, and objection that the testimony offered was immaterial and irrelevant was sustained, and judgment was entered in favor of the plaintiffs. The defendant brings the case here by writ of error.

The only question argued by counsel for the

plaintiff in error is the alleged error of the court in overruling the defendants' plea of the statute of limitations. Counsel urge that neither the amended answer nor the offer of proof states the character of plaintiff in error's possession in the form required by law. That is, that, although the defendant alleged in his answer and offered to prove defendant's possession for the period of more than twenty years prior to the bringing of suit, he did not allege and offer to prove that such possession was uninterrupted, hostile and exclusive. We shall not consider the question raised as to the sufficiency of the answer and the offer, but shall confine the discussion to a determination of the question argued by the plaintiff.

Section 2923, 3 Mills' Annotated Statutes, is as follows:

"That no person shall commence an action for the recovery of lands, or make entry thereon, unless within twenty years after the right to bring such action or make such entry first accrued, or within twenty years after he or those from, by or under whom he claims, have been seized or possessed of the premises, except as hereinafter provided."

This statute was passed in the year 1893. It is assumed that the cause of action accrued to the defendants in error January 1st, 1881. It is also assumed by counsel that prior to 1893 the law granted a very much longer time in which to bring actions for the recovery of the possession of real property. We shall therefore assume that the plaintiff's cause of action accrued on January 1st, 1881, and that, if the statute of 1893 herein quoted does not apply, this action is not barred by the statute of limitations; but we do not decide what period is fixed by the statute of limitations in force prior to the statute of 1893 for the bringing of actions to recover possession of real estate. But one question then remains for our deter-

mination; that is, whether the statute of 1893 is retrospective, or prospective merely.

The objection to retrospective statutes does not apply to remedial statutes such as the statute of limitations. These statutes may be retrospective in nature, provided they do not impair contracts or disturb vested rights.—*Fisher v. Hervey*, 6 Colo. 17

When the bar of the statute has once attached, the legislature cannot, by an amendatory act, revive the action.—*Willoughby v. George*, 5 Colo. 82.

It is held by many courts that a statute fixing the time after which actions shall not be brought, may be amended so as to shorten or lengthen the time fixed by the original statute, subject to the limitation that, as to all actions accrued at the time of the passage of the amendatory act, a reasonable time shall thereafter be given in which to commence suit. Another rule in reference to all statutes is, that they are to be so construed as to have a prospective effect merely, and will not be permitted to affect past transactions unless such intention is clearly and unequivocally expressed.—Wood on Limitations, p. 38.

Counsel suggest that the time was fixed by the legislature within which persons might bring suits to recover real estate. That as no emergency clause was attached to the law, ninety days was given in which suits could be brought. The rule announced by the authorities mentioned is, that remedial statutes will be given a retrospective effect when the intention to have the statute given such effect is clearly expressed, and where reasonable time is afforded to those whose demands have accrued at the time of the passage of the act to bring suit. The section of the constitution which provides that no act of the general assembly shall take effect until ninety days after its passage, except in cases of emergency, cannot be construed as being a time fixed by the legislature within which

actions shall be brought. The act of 1893 does not purport to affect existing causes of action. Although it is probably within the power of the legislature to amend or repeal remedial statutes, provided a reasonable time be given to those whose causes of action have accrued or are about to accrue at the time of the passage of the amendatory or repealing act within which to bring actions, still, unless the legislature undertakes, in express terms, to affect existing causes of action, the statute should be construed as acting prospectively.

We are, therefore, of opinion that the act of 1893 did not affect the defendants in error's cause of action, and that the judgment should be affirmed.

*Affirmed.*